**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| THEODORE SMITH, | * | |
| Petitioner, | * | |
| vs. | * | Case No. 7:08-CV-20 HL |
| | | 28 U.S.C. § 2254 |
| RANDY K. TILLMAN, WARDEN, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Smith was indicted by a Lowndes County Grand Jury on November 22, 2002, and charged with three counts of aggravated assault, four counts of possession of a firearm during the commission of a crime, and felony murder. Smith was tried by jury on May 1-2, 2004, and convicted of two counts of aggravated assault, three counts of possession of a firearm during the commission of a crime, and felony murder. He was sentenced to imprisonment for life for the felony murder, plus a fifteen year term for aggravated assault, and consecutive five year terms for each count of firearm possession for a total sentence of life plus 25 years. Petitioner Smith filed a direct appeal of his convictions and sentences to the Georgia Supreme Court where he raised four claims of insufficiency of the evidence. The Georgia Supreme Court found no error and affirmed Smith's convictions and sentences on June 6, 2005. *See Smith v. State,* 279 Ga. 423, 614 S. E. 2d 65 (2005).

On April 17, 2006, Petitioner Smith filed a State habeas corpus petition and amended the same on June 12, 2006, challenging his Lowndes County convictions. The State habeas corpus court, the Ware County Superior Court, denied Smith's petition on November 8,

2006, and the Georgia Supreme Court denied Smith's application for probable cause to appeal on January 8, 2008. Petitioner then timely filed on January 24, 2008, his present Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Doc. 2).

The facts of the crimes were found and stated by the Georgia Supreme Court on Petitioner's direct appeal and are incorporated herein as follows:

> The evidence, including eyewitness testimony, shows that Smith, Hill, and others began to argue in the parking lot of a bar. Smith ran towards Hill, drew a pistol, and pointed it in the direction of Hill, who ducked. At that instant, a shot was fired from Smith's gun, striking and fatally wounding Ms. Tekle.

*Smith,* 279 Ga. at 423. The Georgia Supreme Court found from the evidence, including eyewitness testimony, that Petitioner Smith possessed a firearm while in the commission of aggravated assault, which he fired striking and killing Lula Tekle, all on the evening of September 20, 2002, in Lowndes County, Georgia. *Id.*

## STANDARD OF REVIEW

A habeas corpus petition filed in the federal district court for review of a state conviction is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which establishes a "general framework of substantial deference" to review of every issue that state courts have decided. *Diaz v. Sec'y for the Dep't of Corr.,* 402 F.3d 1136, 1141 (11th Cir. 2005).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or evolved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§ 2254(Doc.). A state court decision is "contrary to" clearly established federal law where the state court either applied a rule in contradiction to governing Supreme Court case law or arrived at a result divergent from Supreme Court precedent despite materially indistinguishable facts. *Jones v. Campbell,* 436 F.3d 1285, 1293 (11th Cir. 2006). Under the "unreasonable application" clause, a federal court may grant relief "if the state court identifies that correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 1523 (2000).

"Significantly, AEDPA codifies a presumption that the factual findings of state courts are correct, which may be rebutted only by clear and convincing evidence." *Dill v. Allen,* 488 F.3d 1344, 1354 (11th Cir. 2007) (citing 28 U.S.C. § 2254 (e)(1)), *cert. denied,* 552 U.S. 1043, 128 S.Ct. 651 (2007). This presumption applies to fact finding made by both state trial courts and state appellate courts. *Id.*

"Where, as here, the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry,* 540

U.S. 1, 5 (2003). A federal court may not simply substitute its judgment for that of the state court. *Woodford v. Visciotti,* 537 U.S. 19, 24-25 (2002).

## PETITIONER'S CLAIMS

**A.** In Smith's Grounds One, Two, Three, and Four, he contends that the State did not prove his guilt beyond a reasonable doubt, thereby challenging the sufficiency of the evidence to support the jury's verdict. In his **Ground One,** Petitioner contends:

> The trial court erred in failing to grant the Petitioner's motion for directed verdict of acquittal as the State did not prove beyond a reasonable doubt that petitioner was guilty of Count Seven. The State failed to prove beyond a reasonable doubt that petitioner was guilty of the Aggravated Assault against Lula Tekle. There was no reasonable apprehension of Ms. Tekle receiving serious bodily harm by the petitioner as Tekle was shot in the chest by a bullet that wasn't for sure came from his weapon.

In his **Ground Two,** he contends:

> The Trial Court erred in failing to grant the Petitioner's motion for directed verdict of acquittal as to Count One. The State failed to prove beyond a reasonable doubt that petitioner committed an Aggravated Assault against Carlton Hill, when Carlton Hill reached under his shirt as if he had a weapon, causing the petitioner to pull his weapon to protect himself.

In his **Ground Three,** Smith contends:

> The evidence was insufficient as a matter of law to convict the petitioner of Count Seven Aggravated Assault on Lula Tekle. The State failed to prove beyond a reasonable doubt that the bullet that killed Tekle was an act of Aggravated Assault. The bullet that struck Tekle was no more than a battery not charged in the indictment. Also, the bullet that killed Ms. Tekle wasn't for sure came from petitioner's weapon, as said by the State.

In his **Ground Four,** Petitioner Smith contends:

> The evidence is insufficient as a matter of law to convict the petitioner of Count One - Aggravated Assault. The evidence was insufficient to prove petitioner committed an Aggravated Assault against Carlton Hill, when Carlton Hill provoked the petitioner to pull a gun, when he reached under his shirt for a weapon.

Petitioner Smith urged these same contentions before the Georgia Supreme Court on his direct appeal, and that Court addressed each of those contentions on their merits finding as follows:

> Smith contends that the evidence was not sufficient to convict him of aggravated assault on Ms. Tekle, and that the trial court erroneously denied his motion for directed verdict of acquittal on that count. He relies on the absence of any evidence that Ms. Tele was ever in apprehension of receiving harm from Smith. However, where, as here, " 'the "assault" at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the victim is not an essential element of the crime. [citations omitted] Furthermore, '(w)hen an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it." [citations omitted] Testimony at trial established that Smith shot at Hill intending to commit a violent injury against him and that the bullet struck Ms. Tekle instead.
> 
> Smith further contends that the evidence was insufficient to convict him of aggravated assault on Hill because the State did not offer any evidence to negate Smith's defense that he felt threatened and was justified in pulling out his gun. Whether the circumstances of the confrontation "were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury. [citations omitted] Hill was unarmed, and several witnesses testified that Smith shot at Hill under circumstances

disproving the justification defense beyond a reasonable doubt.

Having made the above findings from the record in Smith's case, the Georgia Supreme Court, applying the proper federal law, made the reasonable conclusion that the evidence "was sufficient to authorize the jury to find Smith guilty beyond a reasonable doubt of each crime for which he was convicted," citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781(1979). The Georgia Supreme Court's analysis cannot be shown to be contrary to or an unreasonable application of clearly established federal law. Therefore, this court should defer to the Georgia Supreme Court's merits adjudication under the mandate of 28 U.S.C. § 2254(Doc.) and *Williams v. Taylor*, 529 U.S. at 412, and conclude, as well, that on Petitioner's claims 1-4, the evidence in the case as a matter of law is quite sufficient to support the denial of federal habeas relief to Petitioner.

**B.** In Petitioner Smith's **Ground Five**, he contends that he was rendered ineffective assistance of counsel when his attorney failed to raise on appeal that the trial court improperly instructed the jury on an alternative method of aggravated assault. Petitioner also raised this claim as Ground One in his State habeas action. There, Petitioner Smith added:

> The Trial Court charged the jury in an alternative method of Aggravated Assault not indicted by the Grand Jury and Trial Counsel didn't raise this claim on appeal. There was no limiting instructions at trial and there was additional evidence at trial where a jury could have convicted petitioner in an unindicted manner. (T.-220, L. 15-18).

A reading of page 220 of the Trial Transcript (TT.) to which Petitioner refers shows that the Trial Court's full charge to the jury on the issue of aggravated assault read as follows:

> An assault is an attempt to commit a violent injury to the person of another, or an act which places another person in reasonable apprehension of immediately receiving a violent injury. The defendant in this case is charged with three counts of aggravated assault, and a person commits the offense of aggravated assault when he assaults another with a deadly weapon, or with any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury or death.

(TT. at 220). The aggravated assault Counts One, Three, and Seven of the Indictment do not differ materially from the Trial Court's statutory charge of assault and aggravated assault, except that the Count charged that the aggravated assault was accomplished "with a certain 9 mm handgun, same being a deadly weapon." (Doc. 8-3). The State habeas court, applying the applicable federal law, *Strickland v. Washington,* 466 U.S. 668 (1984), found that petitioner's counsel had not rendered ineffective assistance of counsel in this regard as no constitutional violation had occurred.

Petitioner Smith also contended in **Ground Six** that his counsel had rendered ineffective assistance of counsel for not requesting a charge on the lesser included offense of voluntarily manslaughter. The trial record reveals that, after discussion with Petitioner, his counsel announced to the Trial Court that they had decided upon a waiver of a charge on voluntary manslaughter as a matter of trial strategy. See Trial Transcript at 227, 228. The State habeas court found that there had been no ineffective assistance of counsel in this regard.

In **Ground Twelve,** Petitioner Smith alleged that he had received ineffective assistance of counsel for failing to raise on appeal that the trial court improperly charged the

jury in a sequential manner on felony murder and involuntary manslaughter. It appears that Petitioner would have preferred that the trial court charge the jury to first determine whether he was or was not guilty of involuntarily manslaughter before considering his guilt or innocence of felony murder. Petitioner does not suggest by what authority the trial court's charge as given (TT. at 222,223) was improper. The State habeas court did not find it improper, and therefore, did not find ineffective assistance of counsel in this regard either.

In **Ground Thirteen,** Petitioner Smith alleges ineffective assistance of counsel for his counsel's failure to raise on appeal that the trial court did not charge the jury on the definition of criminal negligence. The trial court sufficiently defined criminal negligence by comparison to criminal intent in its charge. (TT. at 218,219). Petitioner raised this claim before the State habeas court which found no error and no ineffective assistance of counsel.

In **Ground Fourteen,** Petitioner Smith contends that he received ineffective assistance of counsel for his counsel's failure to raise on appeal that the trial court improperly instructed the jury on the possession of a firearm during the commission of a crime. This issue was also put before the State habeas court which found nothing improper with the trial court's charge as given (TT. at 221), and thus no ineffective assistance of counsel.

In his **Ground Fifteen,** Petitioner Smith contends that he was rendered ineffective assistance of counsel for his counsel's failure to raise on appeal that the trial court improperly instructed the jury on a presumption that Petitioner was of sound mind and discretion when he committed the crime. Petitioner Smith does not reference any part of

the record where such a jury instruction was made. The State habeas court could only have considered the trial court's statement that, "A crime is a violation of a statute of this state by a person of sound mind and discretion in which there is a union and a joint operation of act and criminal intent." (TT. at 218). This issue was put to the State habeas court and found to be without merit and no basis for an ineffective assistance of counsel claim.

In **Ground Sixteen,** Petitioner Smith alleges ineffective assistance of counsel for his counsel's failure to raise on appeal that the trial court improperly defined involuntary manslaughter. Petitioner states that the court failed to correctly charge the jury on the law of involuntary manslaughter. This issue was also raised before the State habeas court which found the charge to be adequate and that no ineffective assistance of counsel had occurred.

Petitioner Smith raised all of the foregoing claims in his State habeas corpus case, and the court, applying the correct federal law, to wit, *Strickland v. Washington,* 466 U.S. 668 (1984), found that Petitioner had failed to demonstrate ineffective assistance of counsel or prejudice from his counsel's conduct. The court's analysis is not contrary to federal law or an unreasonable application of clearly established law. This court should defer to the merits adjudication of the State habeas corpus court pursuant to 28 U.S.C. § 2254(Doc.) and *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 1523 (2000), and find that Petitioner is entitled to no relief on his Grounds Five, Six, Twelve, Thirteen, Fourteen, Fifteen, and Sixteen.

**C.**  Petitioner Smith restates several contentions as different claims of Constitutional

violations.  As his **Ground Seven,** Smith alleges that the trial court erred in charging the jury in a sequential manner that the jury could not consider involuntary manslaughter until they found petitioner not guilty of felony murder.  In his **Ground Eight,** Smith alleges that the trial court erred in not charging the jury on the definition of criminal negligence.  In his **Ground Nine,** Smith alleges that the trial court erred in improperly charging the jury on an alternative method of committing possession of a firearm during the commission of a crime.  In his **Ground Ten,** Smith alleges that the trial court erred in charging the Jury on a presumption charge, that the petitioner was of sound mind and discretion when he committed the acts, in violation of *Sandstorm v. Montana,* 442 U.S. 510 (1979).  In his **Ground Eleven,** Smith alleges that the trial court erred by failing to charge the Jury on the definition of Involuntary Manslaughter as defined by O.C.G.A. § 16-5-3(b)(misdemeanor grade).

The record reflects that Petitioner Smith raised all of these claims before the State habeas corpus court which found them to have been procedurally defaulted pursuant to O.C.G.A. § 9-14-48(Doc.), since they were not raised at trial nor on direct appeal.  This court should defer to the State habeas court's finding of default and likewise decline to consider these claims here, finding that Petitioner Smith is entitled to no relief on defaulted claims.  *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Petitioner Smith claims in his final **Ground Seventeen** that his trial counsel rendered ineffective assistance of counsel by failing to request funds to employ an expert in ballistics violating Petitioner's constitutional rights.  Petitioner states that this ground was timely

raised before the State habeas corpus court and before the Georgia Supreme Court for review. The record, however, does not support Petitioner's contention that Ground Seventeen was ever raised on direct appeal or put before the Georgia Supreme Court for review, or raised in Smith's State habeas case. O.C.G.A. § 9-14-51 requires that all grounds for relief via writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived. Relying on the holdings in Castille v. Peoples, 489 U.S. 346, 109 S.Ct. 1056 (1989) and *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546(1991), the United States Court of Appeals for the Eleventh Circuit has held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." *See* Ga.Code.Ann. § 9-14-51.

*Chambers v. Thompson,* 150 F.3d 1324, 1327 (11th Cir. 1998). There is no indication in Petitioner Smith's case that any state judge could reasonable find that this claim could not have been raised earlier in State trial, appeal, or habeas proceedings. Therefore, Petitioner's Ground Seventeen presents a new claim that is procedurally defaulted and waived under Georgia law, and it is clear that Georgia courts would deem this claim to be successive if raised in a second state habeas corpus petition. *Id.* Petitioner Smith is entitled to no relief on his Ground Seventeen.

Having fully considered Petitioner Smith's 28 U.S.C. § 2254 Petition for federal writ of habeas corpus relief and having made the foregoing conclusions that his petition is without

merit and entitles him to no relief,

**IT IS HEREBY RECOMMENDED** that said petition be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 4th day of February 2010.


        **S/G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**